**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIFERS, INC., a Delaware corporation, | ) | |
| | ) | |
| | ) | No. 19-2515 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| JOSEPH W. DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Lifers, Inc. ("**Lifers**"), by its attorneys, Huck Bouma PC, as and for its Complaint against Defendant Joseph W. Daniels ("**Daniels**"), states as follows:

**Nature of the Action**

1.      This is a seven-count complaint to redress violations of federal trademark infringement, false advertising, dilution under the Lanham Act, Cybersquatting, unfair competition, violations of the Consumer Fraud and Deceptive Business Practices Act.

2.      As described more fully below, Daniels wrongfully, willfully, recklessly and without Lifers express authorization or permission manufactured, marketed and sold products bearing Lifers registered trademarks.

**Jurisdiction and Venue**

3.      Jurisdiction is based on 28 U.S.C. §1338(a), 28 U.S.C. §1338(b), 28 U.S.C. §1331, and principles of supplemental jurisdiction.

4.      This Court has personal jurisdiction over Daniels as he resides in the State of Illinois.

5.      Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial portion of the property that is the subject of this action is situated in this district.

## The Parties

6.      Lifers is a Delaware corporation with its principal place of business located in Chicago, IL.  Scott Lucas ("**Lucas**") is the sole shareholder of Lifers and is the lead singer, guitar player and songwriter for the musical group Local H ("**Local H**"), which is based in Chicago, Illinois.

7.      Daniels is a citizen and resident of the State of Illinois.  Daniels was the drummer for Local H from 1990 to 1999.

## Background Facts

8.      Lifers is the owner of the following federally registered trade and service marks (collectively, the "**Marks**"):

(1) "LOCAL H" trademark and service mark (Reg. No. 4,546,251);

(2) "LOCAL H" trademark (Reg. No. 5,721,257)

(Copies of the print-outs from the United States Patent and Trademark Office's website for these Marks are attached hereto as **Exhibit A**).

9.      Founded in 1990, Local H is currently made up of Lucas and Ryan Harding. Lucas has been the one constant member of Local H since its inception in 1990.

10.      Local H has been using the Marks since 1990.

11.      Local H's rise to national and international prominence began in 1996 with its second studio album *As Good As Dead* which received critical and commercial success bolstered by its hit single "Bound to the Floor" which rose to No. 5 on the US Alternative Billboard Chart.

To date, Local H has released a total of 8 studio albums along with numerous extended play and live albums.

12.     Daniels voluntarily left Local H in 1999 and has no interest in Lifers or Local H, except to the extent that he may receive residual royalties based on writers and/or performance credits for the albums he recorded with Local H from 1995 to 1998.

13.     To this day, Local H continues to produce albums and perform live at concerts nationally and internationally with its music and merchandise being sold at its concerts and through various online platforms.

<u>**Daniels' Infringing Activities**</u>

14.     On or about September 3, 2018, Daniels created the website https://localh.ecwid.com ("**Daniels' Website**") where he is currently selling merchandise which contains the Local H Marks.  Specifically, as of this filing, there are three posters featuring pictures of Lucas along with the Local H Mark selling for $20.00 each.  Attached hereto as **Exhibit B** are screenshots from Daniel's Website showing the details for each poster along with their stock availability showing that a total of 400 of each of the three posters (1200 posters total) were produced of which only 285 posters remain in stock.  If Daniels' Website is to be believed, he has already sold 915 posters at $20.00 a piece totaling $18,300.00 with $5,700.00 worth of posters remaining in Daniels' stock.

15.     On or about March 23, 2019, on behalf of Lifers, Lucas personally reached out to Daniels regarding his unauthorized sale of materials containing the Local H Mark.  Daniels responded by threatening Lucas and Local H with legal action for various unknown frivolous claims.

16.     On April 11, 2019, counsel for Lifers sent a Cease and Desist Letter to Daniels demanding that he stop infringing on Lifers' Marks.  A true and correct copy of the April 11, 2019 letter is attached hereto as **Exhibit C**.  Daniels response to the April 11, 2019 demand was more threats of litigation.

17.     Lifers is entitled to protect the good-will and reputation inherent in its Marks and is likewise entitled to exclusive enjoyment of the Marks.

### COUNT I - VIOLATION OF SECTION 32 (1) OF THE LANHAM ACT

18.     Lifers re-alleges the allegations contained in paragraphs 1 through 17 as though fully set forth herein.

19.     As set forth above, without Lifers' consent, Daniels used Lifers' Marks in connection with the sale, offering for sale, distribution and advertising of its goods.

20.     Daniels actions were undertaken willfully and with the intent and knowledge that such actions would cause confusion, mistake or deception in the relevant market as to the Marks.

21.     Accordingly, Daniels uses of Lifers Marks is in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

22.     Unless restrained by this Court, in the event Daniels' infringing activities were to continue, Daniels' use of the Marks will irreparably damage Lifers, for which it has no adequate remedy at law.

23.     Daniels' willful and intentional actions have unjustly enriched him and damaged Lifers, thereby entitling Lifers to monetary damages, punitive damages, attorneys' fees and costs in an amount to be determined at trial.

## COUNT II - VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

24.     Lifers re-alleges the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25.     As set forth above, Daniels' unauthorized use of Lifers' Marks is likely to cause confusion, mistake or deceive as to the sponsorship, approval, or certification of Daniels' goods by Lifers.

26.     Such actions were undertaken willfully and with the intent to cause confusion, mistake or deception.

27.     Daniels has in bad faith intended to profit from the use of the Marks and/or at worst upon information and belief intended to divert sales of authorized products away from Lifers.

28.     As a result, Daniels has violated Sections 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

29.     As a direct and proximate result of Daniels unlawful conduct, Lifers has suffered harm and, unless he is enjoined by this Court from future infringing activities, will continue to suffer substantial irreparable injury for which there is no adequate remedy at law.  Lifers is therefore entitled to preliminary and, thereafter, permanent injunctive relieve to remedy such unauthorized actions, in accordance with 15 U.S.C. 1116, in addition to damages, in accordance with 15 U.S.C. 1117.  Lifers is further entitled to immediate delivery from Daniels of Lifers' Marks and all other related proprietary materials pursuant to 15 U.S.C. 1118.

30.     As a result of Daniels' willful and intentional misconduct, Lifers is entitled to monetary damages, punitive damages, attorneys' fees and costs permitted by statute in an amount to be determined at trial.

## COUNT III - VIOLATION OF SECTION 43(C) OF THE LANHAM ACT

31.     Lifers re-alleges the allegations contained in paragraphs 1 through 30 as though fully set forth herein.

32.     As stated above, Lifers' Local H Mark is a famous mark, in accordance with Sections 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

33.     Daniels unauthorized use began after the Local H Mark became famous and has caused dilution of the distinctive quality of the Mark.

34.     By its actions, Daniels willfully intended to trade on Local H's reputation and to cause dilution of the famous Mark.

35.     As a result, Daniels has violated Sections 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

36.     As a direct and proximate result of Daniels' unlawful conduct, Lifers has suffered harm and, unless he is enjoined by this Court from future infringing activities, will continue to suffer substantial irreparable injury to the goodwill associated with its Marks.

37.     Daniels misconduct has enabled him to earn profits to which he was not in equity or good conscience entitled, and this misconduct unjustly enriched him at Lifers' expense.

38.     As a direct and proximate result of Daniels' willful and intentional misconduct, Lifers is entitled to monetary damages, punitive damages, attorneys' fees and costs permitted by statute in an amount to be determined at trial.

## COUNT IV - VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

39.     Lifers re-alleges the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

6

40.     Daniels intentionally, knowingly and in bad faith created and registered https://localh.ecwid.com for the sole purpose of profiting off of Lifers Marks by selling unauthorized goods.

41.     Daniels' Website is confusingly similar to the actual Local H website, which is www.localh.com (the "**Official Local H Site**"), and was created to confuse consumers who would otherwise purchase those goods from the Official Local H Site.

42.     The Local H marks were distinctive and famous at the time Daniels' Website was registered. Indeed, Daniels was clearly aware of the existence of Local H and its Marks.

43.     As a result, Daniels has violated 15 U.S.C. § 1125(d) known as the Anticybersquatting Consumer Protection Act.

44.     As a direct and proximate result of Daniels' unlawful conduct, Lifers has suffered harm and, unless he is enjoined by this Court from future infringing activities, will continue to suffer substantial irreparable injury to the goodwill associated with its Marks.

45.     Daniels misconduct has enabled him to earn profits to which he was not in equity or good conscience entitled, and this misconduct unjustly enriched him at Lifers' expense.

46.     As a direct and proximate result of Daniels' willful and intentional misconduct, Daniels is entitled to monetary damages, punitive damages, attorneys' fees and costs permitted by statute in an amount to be determined at trial.

## COUNT V - COMMON LAW UNFAIR COMPETITION

47.     Lifers re-alleges the allegations contained in paragraphs 1 through 46 as though fully set forth herein.

48.     In view of the first, continuous, prominent and exclusive use of its Marks, Lifers has acquired, at common law, a protectable interest in them.

49.     By using Lifers' Marks intentionally and willfully, and with full knowledge of Lifers' rights, Daniels has infringed, and will continue to infringe, upon Lifers' rights in its distinctive Marks and will likely cause confusion among consumers.

50.     Daniels' repeated and persistent acts constitute common law unfair competition.

51.     Lifers has been and will continue to be irreparably harmed by Daniels' conduct unless and until Daniels actions are temporarily, preliminarily, and thereafter permanently enjoined.

52.     Lifers has no adequate remedy at law; therefore, it is entitled to the preliminary, and permanent injunctive relief it seeks, in addition to damages in an amount to be determined at trial.

## COUNT VI - ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

53.     Lifers re-alleges the allegations contained in paragraphs 1 through 52 as though fully set forth herein.

54.     Daniels' actions as set forth above constitute unfair and deceptive practices in conduct of trade or commerce in violation of the Illinois consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1, *et seq.*

55.     Daniels committed these acts willfully and with the intent that consumers will rely on these unfair and deceptive trade practices.

56.     Lifers has suffered actual damages as a result of these acts.

57.     Lifers is entitled to an injunction enjoining Daniels from the further commission of unfair and deceptive trade practices and is entitled to recover actual damages for aggravation and inconvenience, punitive damages, and attorneys' fees pursuant to 815 Ill. Comp. Stat. 501/10(a)(c).

## COUNT VII - UNIFORM DECEPTIVE TRADE PRACTICES ACT

58.     Lifers re-alleges the allegations contained in paragraphs 1 through 57 as though fully set forth herein.

59.     Daniels actions as set forth above constitute deceptive trade practices in violation of the Uniform Deceptive Trade Practices Act, enacted in Illinois pursuant to 815 Ill. Comp. Stat. 510/1, *et seq.*

60.     Daniels' unlawful use of Lifers' Marks will likely cause confusion or misunderstanding as to Daniels' affiliation, connection or certification by Lifers or Local H.

61.     Daniels has engaged in these deceptive trade practices willfully.

62.     Lifers is entitled to an injunction enjoining Daniels from the further commission of these deceptive trade practices and is entitled to recover costs and attorneys' fees pursuant to 815 Ill. Comp. Stat. 510/3.

### Prayer for Relief

WHEREFORE, Plaintiff, Lifers, Inc., respectfully requests this Court to:

A.     Temporarily restrain and preliminarily and permanently enjoin Daniels, and any person associated with Daniels, from (1) directly or indirectly using the Marks "LOCAL H" or any marks confusingly similar thereto; and (2) directly or indirectly using any other service mark or trade name likely to dilute the distinctive quality of Lifers' Marks or injure its business reputation;

B.     Daniels to deliver up for destruction or other disposition within thirty (30) days of the entry of judgment all advertising, marketing and other materials in its actual or constructive possession that violate the terms of any injunction entered herein or which bear any designation in violation hereof;

C.     Direct Daniels to notify in writing all sellers, retailers, distributors, or dealers that they must immediately discontinue (1) directly or indirectly using the Mark "LOCAL H", or any marks confusingly similar thereto; and (2) directly or indirectly using any other service mark or trade name likely to dilute the distinctive quality of Lifers' Marks or injure its business reputation;

D.     Direct Daniels to recall all advertising, marketing and other materials disseminated to sellers, retailers, distributors, or dealers that violate the terms of any injunction entered herein, or bear any designation in violation thereof;

E.  Direct Daniels to account for all profits derived from his wrongful activities and to turn them over, trebled, to Lifers;

F.  Order Daniels to pay Lifers all its damages, trebled, resulting from Daniels's misconduct, including full compensation for the injury to Lifers' goodwill and business reputation;

G.  Order Daniels to pay Lifers' punitive damages for Daniels' intentional acts of infringement;

H.  Award Lifers' its attorneys' fees, interest and costs; and

I.  Grant such other relief as this Court deems just.

Respectfully submitted,

LIFERS, INC.

By: /s Eric J. Malnar
One of the attorneys for Lifers, Inc.

Eric J. Malnar (ARDC No. 6286782)
HUCK BOUMA PC
1755 South Naperville Road
Wheaton, IL 60189
630-344-1810
emalnar@huckbouma.com